UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL CLARENCE FREDRICKS,

    Petitioner,

v.

ELDON VAIL,

    Respondent.

Case No. C09-5599RBL/JRC

REPORT AND RECOMMENDATION

**NOTED FOR:
January 29, 2010**

This habeas corpus action, filed pursuant to 28 U. S.C. 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrate Judge's Rules MJR 3 and MJR 4. Petitioner seeks relief from guilty plea filed in 2003, in Pierce County Superior Court.

Respondent has filed a motion to dismiss in lieu of an answer and argues the petition in this case is time barred (Dkt. # 16). Petitioner has filed a response (Dkt. # 18). Having reviewed the documents the court agrees with the Respondent that this petition is time barred. The petition should be dismissed pursuant to 28 U.S.C. § 2244 (d).

## BASIS FOR CUSTODY

Petitioner pled guilty on April 28, 2003, to two counts of Rape of a Child in the First Degree (Domestic Violence) (Dkt. # 16, Exhibit 1). He was sentenced on June 6, 2003, to two

REPORT AND
RECOMMENDATION - 1

hundred and sixteen (216) months on each count with the sentences running concurrently (Dkt # 16, Exhibit 1). In addition, he will be on Community Custody supervision for the remainder of his life (Dkt. # 16, Exhibit 1).

## PROCEDURAL HISTORY

Petitioner did not file a direct appeal and waited until November 16, 2006 to file a Personal Restraint Petition (Dkt. # 16, Exhibit 2). This was approximately three years and six months after his sentence became final. The petition was transferred to the Washington State Court of Appeals on January 12, 2007 (Dkt. # 16, Exhibit 3). On August 30, 2007, the petition was dismissed as time barred under Washington law. See RCW §10.73.090 (1).

Petitioner filed a motion for discretionary review with the Washington State Supreme Court on October 19, 2007 (Dkt # 16, Exhibit 5). On April 10, 2008, the Washington Supreme Court Commissioner entered an order denying review, finding that the petition was time barred under Washington law (Dkt. # 16, Exhibit 6). A motion to modify the ruling was denied July 9, 2008, ending the collateral challenge to the guilty plea and sentence (Dkt. # 16, Exhibit 7). On September 28, 2009, this petition was filed (Dkt. # 1).

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for

REPORT AND
RECOMMENDATION - 2

constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this court concludes that an evidentiary hearing is not necessary to decide this case.

## STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984).

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

REPORT AND
RECOMMENDATION - 3

# DISCUSSION

A. Statute of limitations.

A one-year statute of limitations was imposed on habeas corpus petitions under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.§ 2244 (d).

Here, petitioner filed no direct appeal. His sentence became final when it was entered on June 6, 2003 (Dkt. # 16, Exhibit 1). Petitioner had one year to file a challenge in state court and toll the running of the federal one-year time period. Otherwise the time for filing a federal habeas corpus petition elapsed on June 7, 2004. Nothing tolled the one year period for filing a federal habeas corpus petition. The filing of a personal restraint petition on November 16, 2006 does not start the running of a new federal statute of limitations. An untimely state court

REPORT AND
RECOMMENDATION - 4

application for collateral relief will not provide the basis for tolling under 28 U.S.C. § 2244 (d)
(2) because such applications are not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 414-15 (2005). By the time this habeas corpus petition was filed on September 28, 2009, the matter was time-barred.

Petitioner argues he is entitled to equitable tolling of the running of the statute of limitations because every person has a right to appeal (Dkt. # 18, page 1 and 2). He also claims without any supporting documentation that he told his counsel to appeal his case and specifically to appeal the Community Custody portion of the sentence imposed (Dkt. # 18 page 2). As petitioner notes, a notice of appeal was never filed (Dkt. # 18, page 2).

The guilty plea specifically informed petitioner that he had one year to file a collateral challenge to the plea (Dkt. # 16, Exhibit 1, page 7). When petitioner had not heard from counsel regarding any appeal it was unreasonable of him to wait for over three years before filing his first collateral challenge. Petitioner cannot now be claiming ineffective assistance of counsel, after waiting for three years without asserting this claim. To obtain equitable tolling, petitioner has the burden of showing that he pursued his rights diligently and that extraordinary circumstances prevented his filing. Pace v. DiGuglielmo, 544 U.S. at 418. Petitioner does not meet this high burden as he waited an inordinate length of time before his collateral challenge was filed. Accordingly, petitioner's request for equitable tolling should be rejected and this petition should be DISMISSED AS TIME BARRED.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a

petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

This petition is time barred pursuant to 28 U.S.C. 2244 (d). It should be dismissed without consideration on the merits. Petitioner has not shown he is entitled to equitable tolling that would excuse the three-year delay in filing his first challenge to the guilty plea and sentence.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 29, 2010, as noted in the caption.

DATED this 23rd day of December, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 6